# UNITED STATES DISTRICT COURT

for the

Western District of Missouri

Civil Division

| | | |
|---|---|---|
| B&R Smart Solutions, LLC, et. al. | ) | |
| Plaintiff(s) | ) | Case No. 4:25-cv-00082-FJG |
| | ) | |
| vs. | ) | |
| | ) | |
| Onslow Bay Financial LLC | ) | |
| Defendant(s) | ) | |

## Objection to Subpoena to RDRE Title, LLC

COMES NOW, RDRE Title, LLC, by and through the undersigned counsel, and states as follows in objection to the Subpoena served on RDRE Title, LLC by Plaintiff B&R Smart Solutions, LLC.

1. On January 2, 2025, Plaintiffs B&R Smart Solutions, LLC ("B&R") and Crossroads Management Group, LLC ("Crossroads") (collectively, "Plaintiffs") filed a Petition (the "Petition") and thereby commenced a civil action against Onslow Bay in the Circuit Court of Jackson County, Missouri, captioned B&R Smart Solutions, LLC v. Onslow Bay Financial LLC, Case No. 2516-CV00115 (the "State Court Action").

2. On February 6, 2025, Defendant filed a motion to remove this matter to federal court based on Diversity Jurisdiction.

3. On February 27, 2025, Plaintiff filed a notice of intent to issue a subpoena on RDRE Title, LLC. The subpoena was served upon RDRE Title via consent over email on the same day.

4. The subpoena requests that RDRE Title, LLC appear at the offices of the attorney for the Plaintiff on March 14, 2025, at 9am. Plaintiff has not tendered any witness fees to RDRE Title, LLC as of the date/time of this objection.

5. Upon information and belief, the notice of intent to issue the subpoena did not include Exhibit A identifying the documents being requested nor was any time allow for response or objection to the same subsequent to filing and prior to service on RDRE Title, LLC.

6. Notwithstanding the foregoing, the subpoena served upon RDRE Title, LLC did contain the Exhibit A, which is copied in its entirety below.

   a. For the period beginning July 1, 2024, and continuing to the present, all documents and files regarding or otherwise related to the transaction between or involving Ryan M. Donigan, Glenn Powell, and Rheal Properties, L.L.C., including but certainly not limited to, any closing file, any closing documents and settlement statement(s).

   b. For the period beginning July 1, 2024 and continuing to the present, all documents and correspondence regarding or otherwise related to the distribution of proceeds from the sale of the property bearing the legal description of LOT 15, Except the West 75 feet thereof, HEATHERTON, a subdivision in Raytown, Jackson County, Missouri, and more commonly known as 9210 E 83rd Street, Raytown, Missouri 64138.

7. This subpoena is requesting documents related to a closing between nonparties to this litigation. There is no evidence in the docket that these parties have been contacted or consulted about the requested documents. As such, they have had no opportunity to potentially object to the sharing of their personal information that would include, but not necessarily be limited to, documents containing their bank account information, financial details, social security numbers, addresses and personal contact information, and other information of a personal or sensitive matter.

8. Furthermore, the scope of the information requested far exceeds the facts set forth in the Petition and would be requesting information that is not relevant nor likely to lead to relevant information in support or defense of the claims set forth in the petition.

9. The petition seeks only declaratory relief seeking to quiet title to the subject property and eliminate the deed of trust held by the Defendant. Notwithstanding the validity of this claim (to be discussed later), the loan documents for the buyer in the transaction handled by RDRE Title, LLC that did not involve any of the parties this litigation – for example – would not in any way have any bearing on the claim that the deed of trust should be declared invalid, and therefore, the subpoena is overbroad and unduly burdensome as it is requesting irrelevant documents that include personal information for parties that are not involved in this litigation and do not appear to have any knowledge of this litigation or the subpoena served on RDRE Title, LLC.

10. Finally, the Petition itself appears to lack any substantive merit, and based on the timing of the subpoena being served so early in the litigation, the litigation appears to be pretextual for the purpose of obtaining documents from an unrelated transaction containing

personal information of non-parties. Along the same lines, the Petition fails to name clearly indispensable parties to the claims being asserted.

11. The Petition alleges that the Plaintiff B&R Smart Solutions, LLC purchased certain real property from a non-party, Rheal Properties, LLC, and that the B&R Smart Solutions, LLC further granted a Deed of Trust in favor of Co-Plaintiff Crossroads Management, LLC as part of a loan for the purchase of the property.

12. This transaction was handled by a title company not named in the petition but believed to be "Prestige Land Title Missouri." Furthermore, an insurance policy was issued by Prestige Land Title Missouri on behalf of Old Republic National Title Insurance Company, who is also not a party to this litigation. Upon information and belief, counsel for Plaintiff was retained by Old Republic National Title Insurance Company under said insurance policy.

13. The Petition allege that Prestige Land Title assumed that the Deed of Trust in favor of the Defendant was released in the previous transaction, and because of that, the Deed of Trust should be invalidated. This contention runs contrary to title company standards, and Missouri law.

14. A title company can never just assume something is released or paid off and must verify these facts to be true.

15. As set forth in Paragraphs 7 and 11 of the Petition, the Deed of Trust was of public record, and as such, there is no debate that Prestige Land Title had notice of the same.

16. The Petition does not allege that any action was taken by Prestige Land Title to get the Deed of Trust released, or to confirm the loan was paid off.

17. Upon further information and belief, it is RDRE Title's understanding another title company may have previously identified this Deed of Trust, and declined to close this file for that reason, which only further shows that Prestige Title had every opportunity to identify this issue prior to their closing.

18. As such, there is no legitimate claim as to invalid or release the Deed of Trust on the property, just simply because Prestige Title Company assumed it had been paid off previously, and did not verify the same prior to the closing.

19. Moreover, to the extent that Plaintiff does have claims related to this transaction, it is clear that Prestige Land Title should be a party to the litigation as the result of their error, yet they are not named in this action.

20. Based on the tenuous nature of the claims, and the failure to add a clearly indispensable party, the Petition appears to be contextual, which would render the subpoena improper.

WHEREFORE, RDRE Title, LLC respectfully requests that this Court enter an Order quashing the subpoena served upon it for all of the reasons stated herein, and for such further relief the court deems appropriate, including but not limited to, an award of attorney's fees for the time spent drafting this Objection and reviewing the subpoena, and any subsequent hearings on the same.

BRICKHAVEN.LEGAL, LLC

/s/ Rick Davis
Rick Davis, MO-68623
312 SW Greenwhich Drive, #756
Lee's Summit, MO 64082
(785) 519-1546
rick@rdtitle.com

*Attorney for RDRE Title, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel affirms that a copy of this Objection was served upon all parties via the Court's CM/ECF system as of February 28, 2025.

/s/ Rick Davis
Rick Davis, MO-68623
