IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| B&R SMART SOLUTIONS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ONSLOW BAY FINANCIAL LLC, <br><br> Defendant, | Case No. 25-0082-CV-W-FJG |

### ORDER

Before this Court are (1) third party RDRE Title, LLC's Motion to Quash Subpoena (Doc. No. 15); and (2) Plaintiffs' Motion to Compel RDRE Title, LLC's Production of Documents and Things Pursuant to Third Party Subpoena (Doc. No. 22). Both pending motions concern the same subject matter: whether non-party RDRE Title, LLC should be required to respond to Plaintiffs' subpoena.

### I. Background

The underlying question in this lawsuit is whether a deed of trust related to the subject property, entered into by Ryan Donigan and NBKC Bank in 2020 (the "2020 Deed of Trust") has been satisfied. Notably, neither of these persons/entities are a party to this case.

The subject property, 9210 E 83rd Street, Kansas City, Missouri ("the Property") was sold by Ryan Donigan to Rheal Properties, L.L.C. on July 8, 2024 (the "Donigan/Rheal Transaction"). RDRE Title was the closing agent for the Donagan/Rheal Transaction, and Plaintiffs assert RDRE was responsible for ensuring that the funds from the transaction were properly distributed. After the Donigan/Rheal Transaction was complete, a DOMA title insurance policy was issued to Rheal Properties, L.L.C. showing

that the 2020 Deed of Trust had been satisfied and released, and that Rheal Properties, L.L.C. owned the Property free and clear.

Meanwhile, on September 23, 2024, Mortgage Electronic Registration Systems, Inc. (MERS), as beneficiary and Nominee for NBKC Bank, assigned the 2020 Deed of Trust to Defendant Onslow via an Assignment of Deed and Trust recorded on September 24, 2024, as Instrument No. 2024E0064792 in the Jackson County, Missouri Recorder of Deds Office (the "2024 Assignment"). On October 1, 2024, Rheal Properties conveyed title to the Property to Plaintiff B&R via a Limited Liability Company Warranty Deed recorded on October 9, 2024, as Instrument No. 2024E0068779 in the Jackson County, Missouri Recorder of Deeds Office (the "2024 Deed"). Plaintiffs allege that "Upon information and belief, the Rheal Properties, L.L.C. Policy was relied on for the purpose of determining whether the 2020 Deed of Trust had been satisfied during the transaction involving the 2024 Deed."[1] Plaintiffs further allege upon information and belief that "the 2020 Deed of Trust was satisfied but not released or should have been satisfied and released" as part of the Donigan/Rheal Transaction. On October 4, 2024, Plaintiffs B&R and Crossroads entered into and executed a Deed of Trust in favor of Crossroads, which was recorded on October 9, 2024, as Instrument No. 2024E0068780 in the Jackson County, Missouri Recorder of Deeds Office (the "2024 Deed of Trust"). Then on November 4, 2024, Defendant Onslow appointed SouthLaw P.C. as the successor trustee of the 2020 Deed of Trust via an Appointment of Successor Trustee recorded on November 7, 2024, as Instrument No. 2024E0076555 in the Jackson County, Missouri Recorder of Deeds Office (the "Appointment of Successor Trustee").

---

[1] The use of the passive voice ("was relied on") obscures <u>who</u> relied on the title insurance policy.

On November 8, 2024, Plaintiff Crossroads received a letter containing a Notice of Trustee's Sale from SouthLaw, P.C., as successor trustee for Defendant Onslow, notifying it of a Trustee's Sale of the Property scheduled for December 5, 2024. Plaintiffs assert that Onslow believes that the 2020 Deed of Trust was not satisfied in the Donigan/Rheal Transaction, despite Rheal Properties, L.L.C.'s Policy showing that Rheal Properties, L.L.C. purchased the property subject to no encumbrance. The December 5, 2024, Trustee's Sale was cancelled and the Property was not sold; however, the dispute over the ownership of the Property remains.

Plaintiffs B&R and Crossroads filed their state court petition against Defendant Onslow on January 2, 2025, seeking to quiet title on a property located in Jackson County, Missouri. On February 6, 2025, this action was removed to federal court.

## II. The Third-Party Subpoena

On February 27, 2025, less than a month after the removal and approximately a month before the entry of the Court's Scheduling Order, Plaintiffs filed a notice of intent to issue a subpoena on RDRE Title, LLC. Plaintiffs seek (1) for the period beginning July 1, 2024, and continuing to the present, all documents and files regarding or otherwise related to the transaction between or involving Ryan M. Donigan, Glenn Powell, and Rheal Properties, L.L.C., including but certainly not limited to, any closing file, any closing documents and settlement statement(s); and (2) for the period beginning July 1, 2024 and continuing to the present, all documents and correspondence regarding or otherwise related to the distribution of proceeds from the sale of the property bearing the legal description of LOT 15, Except the West 75 feet thereof, HEATHERTON, a subdivision in Raytown, Jackson County, Missouri, and more commonly known as 9210 E 83rd Street, Raytown, Missouri 64138.

On February 28, 2025, RDRE Title filed its objections to the third-party subpoena (Doc. No. 12), objecting that (1) it requests documents related to a closing between nonparties to the litigation (and there is no evidence that the non-parties have been contacted about the potential sharing of their personal information such as bank account information, social security numbers, etc.); (2) the scope of information requested is too broad and would not be relevant to the claims or defenses in the petition; (3) the loan documents in the transaction handled by RDRE Title, LLC do not involve any of the parties to this litigation; (4) this subpoena is sought quite early in the litigation and the litigation appears to be pretextual for the purpose of obtaining documents of nonparties; (5) this litigation does not name clearly indispensable parties, such as the persons from whom plaintiffs purchased the real property (Rheal Properties, LLC) or the title company and title insurance company who handled the transaction (believed to be Old Republic National Title Insurance Company and Prestige Land Title Missouri).

### III.     Motions to Quash/Compel

In its Motion to Quash (Doc. No. 15), RDRE Title, LLC reiterates its objections (Doc. No. 12, listed in part above), and further indicates that it should not be required to respond to the subpoena as it had no connection to the underlying transactions involving the plaintiffs to this action, and it owes no duties to either plaintiff. RDRE Title, LLC further states that no party other than the holder of the note and deed of trust can release the deed of trust, and therefore no document in RDRE Title's files could override what is reflected in the public record. Similarly, RDRE Title notes that Plaintiffs could not argue that they relied on documents from RDRE Title's closing in their purchase of the subject property, making the documents irrelevant to this litigation. RDRE Title further argues that the documents requested by Plaintiffs would include such irrelevant information as

4

(1) the purchase price and terms of the transaction and (2) the loan documents for the buyer of the property.  RDRE Title also complains that Plaintiffs had not tendered any witness fees to it.  RDRE Title seeks an order quashing the subpoena and awarding it attorneys' fees for the time spent responding to these issues.

In response, Plaintiffs argue that both they and Defendant agree that RDRE's documents are critical to the issues in this lawsuit.  Plaintiffs assert that the DOMA title policy issued as a result of the Donigan/Rheal Transaction suggests that the 2020 Deed of Trust was (or was intended to have been) released, and Plaintiffs argue that the documents sought through the subpoena are the only way to determine if the 2020 Deed of Trust was released.[2]  Plaintiff argue that (1) RDRE could comply with the subpoena without personally appearing (by producing documents via email or regular mail), making the request for witness fees moot under Fed. R. Civ. P. 45(b)(1); (2) the test for relevance under the Federal Rules of Civil Procedure is broad, including "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" StoneEagle Services, Inc. v. UMB Bank, N.A., No. 4:15-MC-0904-NKL, 2015 WL 2452926 at *3 (W.D. Mo. May 22, 2015); (3) Plaintiffs believe that the 2020 Deed of Trust was required to be paid off in the Donigan/Rheal Transaction where RDRE Title acted as a closing agent, and Defendant disagrees that the Deed of Trust was paid off, making the Donigan/Rheal Transaction relevant to see if payoff of the 2020 Deed of Trust was included; (4) the scope of the documents requested is not overly burdensome

---

[2] Plaintiffs further complain that RDRE does not cite to case law and argue that the motion to quash was untimely filed; however, the Court notes that RDRE's primary arguments go to the relevance and breadth of the evidence sought and so lack of case law is not necessarily dispositive.  Further, the Court finds that RDRE's objections were timely filed and its motion was filed as requested by the Court, making Plaintiffs' arguments that the motion was untimely moot.

or broad, as the request is for a single transaction and information from 2024 forward; (5) with respect to confidential information and potential trade secret information, Plaintiffs note that they and Defendant have agreed to the entry of a protective order, which should offer some protection to those records, and Plaintiffs and Defendant believe that social security numbers and account numbers should be redacted.

At the same time that Plaintiffs responded to the motion to quash, Plaintiffs filed their own motion to compel compliance with the subpoena. Doc. No. 22. Plaintiffs reassert the arguments made in their response to the motion to quash, and argue that Plaintiffs and Defendants are incapable of obtaining the documents requested by the federal subpoena through any other person or entity. Doc. No. 22, p. 7.

RDRE Title filed opposition to the motion to compel (Doc. No. 23), arguing that Plaintiffs give short shrift to the relevance arguments raised by RDRE Title. RDRE notes that although the standard for relevance in the context of discovery is broader than for admissibility at trial, the requested information still must clear a "threshold showing of relevance." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). RDRE notes that while Plaintiffs set forth a single issue showing that the documents sought are relevant – that the documents could show whether Defendant was paid and the 2020 Deed of Trust was satisfied and released – the scope of the subpoena requests is much broader than that subject, seeking all documents and files related to transactions between or involving Ryan M. Donigan, Glenn Powell, and Rheal Properties, L.L.C. RDRE indicates that many of the documents in the closing file have nothing to do with whether a loan has been paid off; these documents include the buyer's loan documents, account information, terms of the transaction (including sales price), title company forms, etc. RDRE argues that requesting all the documents related to a single transaction in which

no party in the suit was involved is overbroad. RDRE further notes that the Deed of Trust is of record, and Plaintiffs could request any record of payments directly from the lender (i.e., Defendant); thus, because Plaintiffs have not yet conducted discovery as to Defendant, it is unreasonably burdensome to request the information from non-party RDRE. RDRE also notes that in conversations with Plaintiffs' counsel prior to the present discovery dispute, RDRE found it interesting that the title company who handled Plaintiffs' closing (and who presumably was tasked with conducting a title search and viewing any deeds of trust on record) was not named in this action. RDRE further seeks an award of attorneys' fees for its time spent responding to this overbroad subpoena.

Plaintiffs thereafter filed a combined reply in support of their motion to compel and their opposition to RDRE's motion for attorneys' fees (Doc. No. 25). Plaintiffs argue that the discovery sought is relevant because Plaintiffs and Defendant agree that the documents are relevant, and neither Plaintiffs nor Defendant have access to the requested documents. Plaintiffs argue that the scope of the subpoenas is limited in scope and in time (a single transaction and a period less than one year). Plaintiffs reiterate that a protective order is in place in this matter. Finally, Plaintiffs argue that RDRE Title in not entitled to attorneys' fees, as Plaintiffs seek the closing documents for a single transaction, not a burdensome number of requests.

RDRE filed a brief reply to its request for attorneys' fees (Doc. No. 26), noting that despite the multiple filings made by Plaintiffs, they have still not explained why certain documents contained within the closing file (such as the proceeds form or the loan documents for the buyer) would be relevant to the instant proceeding. If the only purpose of the subpoena is to determine whether a deed of trust previously granted to Defendant was satisfied, there is no reason why all documents from a previous closing (and not

simply the documents related to any payoffs) would be relevant.  RDRE also argues that it is not the only entity that would have information about whether the loan was paid off; at the very least, it argues that the lender should have that information.  RDRE argues that the documents requested by Plaintiffs are not relevant as the request is for documents for non-parties to this litigation from a transaction that did not involve any of the parties to this litigation and which would have no bearing on this litigation, making this case one where attorneys' fees should be awarded to RDRE as recipient of this overbroad subpoena.

Upon considering the arguments of Plaintiffs and RDRE, the Court believes that the answer lies somewhere between each side's position.  The Eighth Circuit has recently held:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). Although the standard for discovery is broader than for admissibility at trial, the requested information still must clear a "threshold ... of relevance." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992); *cf.* Fed. R. Evid. 401 (stating that evidence is relevant at trial if "it has any tendency to make a fact" that "is of consequence" to the "determin[ation] [of] the action" any "more or less probable"). That is, it must still be probative of the "claim or defense" that a party is trying to establish, or at least aimed at the discovery of evidence that could be. Fed. R. Civ. P. 26(b)(1); see Miscellaneous Docket Matter # 1, 197 F.3d at 925–26 (affirming the district court's conclusion that "an inquiry into voluntary relationships would be irrelevant" because they could not form the basis of a sex-discrimination suit).

Stecklein & Rapp Chartered v. Experian Info. Sols., Inc., 113 F.4th 858, 861 (8th Cir. 2024)

The Court agrees with RDRE that Plaintiffs' requests are overbroad and contain much information that is completely irrelevant to the questions raised in the present lawsuit.  The Court also questions why the parties began this case by seeking responses

to a non-party subpoena prior to entry of a scheduling order, instead of the parties beginning with Rule 26 disclosures and then seeking discovery from parties closer to the transaction at issue in this case. At the same time, the Court believes that limited documents related to the distribution of sales proceeds in the Donigan/Rheal Transaction could be relevant to the question of whether the 2020 Deed of Trust was satisfied as part of the transaction handled by RDRE. Therefore, the Court will **DENY** Plaintiffs' motion to compel (Doc. No. 22) **WITHOUT PREJUDICE** to its reassertion if Plaintiffs are unable to obtain information regarding the distribution of sales proceeds from the Donigan/Rheal Transaction through other sources. If Plaintiffs require further information from third party RDRE Title through a future subpoena, they shall more closely tailor their request to the limited information needed to determine the distribution of sales proceeds <u>only</u>. Third Party RDRE Title's motion to quash the present overbroad subpoena (Doc. No. 15) is **GRANTED.** Third Party RDRE Title's request for attorneys' fees will be **DENIED WITHOUT PREJUDICE** to its reassertion if Plaintiffs serve another overbroad subpoena upon RDRE in the future.

    **IT IS SO ORDERED.**

Date: <u>May 2, 2025</u>                                            <u>S/ FERNANDO J. GAITAN, JR.</u>
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                                   United States District Judge